```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

F.D.I.C.,                                            94 Civ. 4218

                    Plaintiff,                       OPINION

        -against-

GREGG O'CONNOR, ET AL.,

                    Defendants.

----------------------------------------X

A P P E A R A N C E S:
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

Attorneys for Plaintiff

    VLOCK & ASSOCIATES, P.C.
    230 Park Avenue
    New York, NY 10169
    By: Steven Paul Giordano, Esq.

Attorneys for Defendant

    DAVIDOFF, MALITO & HUTCHER, LLP
    605 Third Avenue, 34th Floor
    New York, NY 10158

**Sweet, D.J.**

Cadles of Grassy Meadows II, LLC as assignee of plaintiff, Federal Deposit Insurance Corporation ("FDIC") (the "Plaintiff") has moved for reconsideration of the memorandum and opinion of this court signed December 19, 2007, docketed January 7, 2008 (the "December 19 Opinion") vacating the prior judgment rendered against defendant Gregg O'Connor ("O'Connor"). For the reasons set forth below, the motion for reconsideration is granted and upon reconsideration the prior judgment is vacated.

Service on O'Connor was attempted on June 9, 1994, by service on the doorman at 23 East 74th Street, New York, New York (the "Apartment").

O'Connor appeared and answered on July 5, 1994, alleging lack of jurisdiction based on defective service.

On January 11, 1995, FDIC moved to strike the defense, seeking in the alternative an extension of 60 days to serve O'Connor. By written endorsement entered January 26, 1995, the motion to extend time for service for 60 days

1

was granted, and the motion to strike the defense was denied in effect for failure of proof of service.

On February 1, 1995, FDIC again attempted service at the Apartment.

FDIC moved for a default judgment and without opposition the motion was granted on November 14, 1995.

On August 14, 2007, O'Connor moved by an order to show cause to vacate the default judgment granted in the December 19 Opinion on the grounds that none of the service attempts in this action complied with a proper method of service enumerated in N.Y. C.P.L.R. § 308. O'Connor's motion was granted on January 2, 2008.

The instant motion was marked fully submitted on February 18, 2008.

The December 19 Opinion did not address the attempted service upon O'Connor at his place of business on November 29, 1994, which the assignee of FDIC has maintained was overlooked. The Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Vacate the

2

Twelve (12) Year Old Judgment, filed September 20, 2007, did not mention this attempted service, but as a matter of recollection the issue was raised at oral argument on the motion to vacate the default. In an excess of caution, reconsideration will be granted with respect to the attempted service on O'Connor at his place of business on November 29, 1994. That attempted service also failed to establish jurisdiction.

Plaintiff's November 29, 1994 effort to serve O'Connor was ineffective, occurring as it did after the 120-day period for service of process had expired but before the 60-day extension.

Plaintiff claims that its motion to dismiss sought to "enlarge time to serve *nunc pro tunc*," but in the decision upon Plaintiff's motion to dismiss the affirmative defense of lack of jurisdiction, there was no determination that any prior attempt at service was deemed to be valid *nunc pro tunc*; rather, additional time was granted to effect service. During that extension period, the only attempt to serve the Defendant was made at the Apartment, which was then neither Defendant's "dwelling place" nor his

3

"usual place of abode," Defendant having vacated said Apartment long before such attempt at service occurred.

The Plaintiff has asserted that O'Connor had knowledge of the claims against him despite his assertion that he was not properly served with the summons and complaint. Even if that assertion is correct, "actual notice of the action will not, in itself, cure an otherwise defective service." Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 377 (1998). Rather, Plaintiff must demonstrate that it has complied with Fed. R. Civ. P. 4. Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104-105 (1987).

When a defendant contests personal jurisdiction based upon improper service of process, the plaintiff has the burden to show that service was effective. Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986). Even if the affidavit of service relating to service attempted at the Apartment during the 60-day extension period is prima facie evidence of such service, the conclusory statements in the printed language contained in the affidavit as to the dwelling place of the person

4

served with process were refuted by the weight of the evidence submitted by defendant to the contrary. Cf. Khan v. Ahmed, 2007 WL 1180567, at *1 (S.D.N.Y. 2007); Allianz Ins. Co. v. Otero, 2003 WL 262335, at *2 (S.D.N.Y. 2003).

Upon reconsideration of a fact which may have been overlooked, the motion to vacate the default is granted.

It is so ordered.

**New York, N.Y.**
**June 24, 2008**

ROBERT W. SWEET
U.S.D.J.

5